

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, T e x a s

Dear Sir:

Opinion No. O-2004

Re: May a taxing unit sell property which
it has purchased at a tax foreclosure
sale within the two year period of re-
demption?

We are in receipt of your letter of Febru-
ary 27, 1940, in which you request the opinion of
this department on the question set out in your let-
ter as follows:

"Whether a taxing unit having bought
property in the regular manner at a tax
sale could sell within the two year redemp-
tion period for the adjudged value, or the
amount of judgment; Further, if either of
the taxing units could sell within the two
year redemption period for an amount less
than the adjudged value, or the judgment
in said suit, providing the other taxing
unit, or units, consented to said sale at
a less amount; also, if one of the taxing
units can sell either for the full amount
of the judgment or less, under the provi-
sions set out above."

Your questions are answered in Section 9
of Article 7345b of Vernon's Annotated Civil Statutes,
which reads in part as follows:

"If the property be sold to any tax-
ing unit which is a party to the judgment

NO COMMl IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

under decree of court in said suit, the
title to said property shall be bid in and
held by the taxing unit purchasing same for
the use and benefit of itself and all other
taxing units which are parties to the suit
and which have been adjudged in said suit
to have tax liens against such property,
pro rata and in proportion to the amount
of the tax liens in favor of said respective
taxing units as established by the judgment
in said suit, and costs and expenses shall
not be payable until sale by such taxing
unit so purchasing same, and such property
shall not be sold by the taxing unit pur-
chasing same for less than the adjudged
value thereof or the amount of the judgments
against the property in said suit, whichever
is lower, without the written consent of all
taxing units which in said judgment have
been found to have tax liens against such
property; and when such property is sold by
the taxing unit purchasing same, the pro-
ceeds thereof shall be received by it for
account of itself and all other said taxing
units adjudged in said suit to have a tax
lien against such property, and after paying
all costs and expenses, shall be distributed
among such taxing units pro rata and in pro-
portion to the amount of their tax liens
against such property as established in said
judgment. Consent in behalf of the State of
Texas under this Section of this Act may be
given by the County Tax Collector of the
county in which the property is located.

Provided that if sale has not been made
by such purchasing taxing unit before six
months after the redemption period provided
in Section 12 hereof has expired, it shall
thereafter be the duty of the Sheriff upon
written request from any taxing unit who has
obtained a judgment in said suit, to sell

said property at public outcry to the high-
est bidder for cash at the principal entrance
of the courthouse in the county wherein the
land lies, after giving notice of sale in
the manner now prescribed for sale of real
estate under execution * * * "

This department ruled in Opinion No. 0-950,
written by Honorable Bruce W. Bryant, Assistant At-
torney General, and addressed to Honorable Richard
S. Morris, County Attorney, Claude, Texas, as fol-
lows:

"(b) It is our opinion that a taxing
unit purchaser of land at a tax sale may,
before the period of redemption has expired,
sell, convey or assign at private sale its
right to receive the redemption money from
the owner, together with the title which
will vest upon failure to redeem within the
statutory period."

Where a taxing unit purchases property un-
der the authority of Sections 8 and 9 of Article
7345b of Vernon's Annotated Civil Statutes, said
taxing unit holds the same in trust for itself and
the other taxing units which were parties in the
suit. The problem here is whether or not the pur-
chasing taxing unit may assign or convey the interest
in the property of the other taxing units as well as
its own.

The above quoted article specifically au-
thorizes a taxing unit purchasing property to sell
the same for less than the amount of the adjudged
value of the property or the amount of the judgment
in the tax suit, whichever is lower, when said tax-
ing unit obtains the written consent of all other
taxing units which, in the judgment, have been found
to have tax liens against the property. It neces-
sarily follows, therefore, that the Legislature in-
tended to allow the sale of such property for an
amount equal to the adjudged value of the amount of

the judgment in the suit without obtaining the written consent of all of the other such taxing units. It would be an absurd conclusion to say that property may be sold by the taxing unit within the two year period by obtaining consent from the other taxing units which were parties to the judgment for an amount less than the adjudged value or the amount of the judgment, whichever is lower, and to say, on the other hand, that said taxing unit could not sell such property for an amount equal to or greater than the adjudged value or the amount of the judgment.

Therefore, it is the opinion of this department that within the two year period of redemption the taxing unit which has thus purchased property at the first tax foreclosure sale may sell such property for an amount at least equal to the adjudged value of the property or the amount of the judgment, whichever is lower, or for an amount less than such adjudged value or amount of the judgment by obtaining written consent of the other taxing units which were awarded judgment in said suit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:ob

APPROVED MAR 20, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN